Jones, Oliver B., J.
The action below was brought to contest the will of Fred Mauntel, deceased, and resulted in a verdict and judgment sustaining the will.
The decedent was a man fifty-four years of age. The cause of his death was diabetes, and he suffered from a carbuncle on the back of his neck which might be considered as a contributing cause of his death. His acknowledged sickness was of *307 about two weeks duration, and he was under treatment by a physician for a period of only one week.
The evidence in regard to his mental condition during the last three or four days of his illness is quite conflicting. He died on Monday, about 7 p. m., having been in a coma for several hours before his death. The will in question was signed on Sunday, the day before, after 11 a. m. There is evidence that he had periods of stupor and delirium, at intervals, during at least two days prior to the day. on which the will was signed.
The testimony of the attorney who drew the will and acted as one of the two witnesses is to the effect that when he went in response to a message to the home- of testator for the purpose of drawing his will, he found him seated in a morris chair in the dining room, and after • speaking to him, and being told that he desired a will drawn, he, the attorney, proceeded to draw the first part of the will, including the first item providing for the payment of debts, and then asked the testator but two questions: (1) “Whom do you want to. leave your property to?” and (2) “Who do you want for your executor?” The answer to the first question was: “I want to leave it to Sophia Meyers. She is the best friend I ever had.” The answer to the second was: “Make Dr. Saur executor.” Nothing was said as to any other relatives; nothing else as to his property or the terms of the will. The testimony of this witness as given in chief and on cross-examination is quite contradictory in regard to the execution of the will, but in the end he is positive that the will as written was not read to testator; but that after it was written it was handed *308 by the attorney to the testator to read and sign, and that “he took it and scrutinized it before he signed it, and then signed his name to it.” On being questioned further, the witness said that testator “scrutinized it,” “just a second or two,” and it is evident from his testimony that the will was not read either to or by the testator, that it was not acknowledged by him, and that he had no knowledge of what it contained.
A careful consideration of all the evidence as to the execution of the will convinces all the members of this court that this will was not executed or acknowledged to be his will by the testator in such a manner as to comply with the requirements of Section 10505, General Code, and that it did not become a valid will under the law as laid down in the case of Keyl et al. v. Feuchter et al., 56 Ohio St., 424, and Tims v. Tims et al., 14 C. C., N. S., 273. The verdict of the jury therefore in that respect is not sustained by the evidence.
Issues relating to undue influence are generally determined upon circumstantial evidence and inferences drawn from a full presentation of facts which are inconclusive when taken separately. A wide range of inquiry is therefore permitted to bring before the jury facts and influences bearing upon the preparation of the will. Schouler on Wills (5 ed.), Section 242.
Two. members of this court are of the opinion 'that the trial court erred in withdrawing from the consideration of the jury the question of undue influence. In their opinion sufficient facts were shown by the evidence to justify and require the submission to the jury of the question of undue in *309 fluence, under the rule as recognized in Wilder v. Taylor et al., Exrs., 87 Ohio St., 520. To this proposition Judge Gorman dissents.
For the reasons stated, the judgment below is reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Jones, E. H., P. J., and Gorman, J., concur.